Richard M. Pachulski (CA Bar No. 90073)
James I. Stang (CA Bar No. 94435)
Dean A. Ziehl (CA Bar No. 84529)
Linda F. Cantor (CA Bar No. 153762)
Debra I. Grassgreen (CA Bar No. 169978)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067-4114
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: rpachulski@pszjlaw.com
jstang@pszjlaw.com
dziehl@pszjlaw.com
lcantor@pszjlaw.com
dgrassgreen@pszjlaw.com

Proposed Attorneys for Debtor and Debtor in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

In re:

American Suzuki Motor Corporation,[1]

Debtor.

Case No.: 12-_____ ( )

Chapter 11

**NOTICE OF DEBTOR'S APPLICATION FOR ORDER UNDER 28 U.S.C. § 156(C) AUTHORIZING THE RETENTION OF RUST CONSULTING OMNI BANKRUPTCY, A DIVISION OF RUST CONSULTING, INC. AS NOTICING, CLAIMS AND BALLOTING AGENT FOR CLERK OF THE BANKRUPTCY COURT *NUNC PRO TUNC* TO THE PETITION DATE**

[NO HEARING REQUIRED UNLESS REQUESTED PER L.B.R. 2014-1(b)]

**TO: (A) THE UNITED STATES TRUSTEE; (B) COUNSEL FOR THE DEBTOR'S PREPETITION AND POSTPETION LENDER; (C) THE CREDITORS APPEARING ON THE LIST FILED IN ACCORDANCE WITH RULE 1007(D) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; AND (D) THOSE PARTIES WHO HAVE REQUESTED NOTICE PURSUANT TO BANKRUPTCY RULE 2002.**

[1] The last four digits of the Debtor's federal tax identification number are (8739). The Debtor's address is: 3251 East Imperial Highway, Brea, CA 92821.

**PLEASE TAKE NOTICE** that on the date hereof (the "Petition Date"), the above-captioned debtor and debtor in possession (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Clerk of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on the date hereof the Debtor filed the *Application Pursuant to 28 U.S.C. § 156(c) Authorizing the Retention of Rust Consulting Omni Bankruptcy, a division of Rust Consulting, Inc. as Noticing, Claims, and Balloting Agent to the Debtor, Nunc Pro Tunc to the Petition Date* (the "Application") with the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 2014-1(b)(3)(E), any response or objection to the Application must be filed with the Bankruptcy Court on or before **November 20, 2012 at 4:00 p.m. (Pacific time)**.

**PLEASE TAKE FURTHER NOTICE** that at the same time, you must also serve a copy of the response or objection upon: (i) proposed attorneys for the Debtor: Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111, Attention: Debra I. Grassgreen (dgrassgreen@pszjlaw.com) and John W. Lucas (jlucas@pszjlaw.com) and (ii) the U.S. Trustee, 411 West Fourth Street, Suite 9041, Santa Ana, CA 92701, and shall be filed with the Clerk of the United States Bankruptcy Court, Central District of California.

**PLEASE TAKE FURTHER NOTICE** THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

**PLEASE TAKE FURTHER NOTICE** that if a timely objection is filed, that a hearing will be scheduled and the Debtor will provide separate notice therefor.  .

Dated:    November 5, 2012                    PACHULSKI STANG ZIEHL & JONES LLP


By    */s/ Debra I. Grassgreen*
      Richard M. Pachulski
      James I. Stang
      Dean A. Ziehl
      Linda F. Cantor
      Debra I. Grassgreen

      Proposed Attorneys for Debtor and Debtor
      in Possession

Richard M. Pachulski (CA Bar No. 90073)
James I. Stang (CA Bar No. 94435)
Dean A. Ziehl (CA Bar No. 84529)
Linda F. Cantor (CA Bar No. 153762)
Debra I. Grassgreen (CA Bar No. 169978)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067-4114
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: rpachulski@pszjlaw.com
jstang@pszjlaw.com
dziehl@pszjlaw.com
lcantor@pszjlaw.com
dgrassgreen@pszjlaw.com

Proposed Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

In re:

American Suzuki Motor Corporation,[1]

Debtor.

Case No.: 12-_____( )

Chapter 11

**DEBTOR'S APPLICATION FOR ORDER UNDER 28 U.S.C. § 156(C) AUTHORIZING THE RETENTION OF RUST CONSULTING OMNI BANKRUPTCY, A DIVISION OF RUST CONSULTING, INC. AS NOTICING, CLAIMS AND BALLOTING AGENT FOR CLERK OF THE BANKRUPTCY COURT *NUNC PRO TUNC* TO THE PETITION DATE**

[NO HEARING REQUIRED UNLESS REQUESTED PER L.B.R. 2014-1(b)]

American Suzuki Motor Corporation, as debtor and debtor in possession (the "Debtor"), hereby submits this application (the "Application") for entry of an order pursuant to 28 U.S.C. § 156(c) approving the retention, and appointment of Rust Consulting Omni Bankruptcy, a division

[1] The last four digits of the Debtor's federal tax identification number are (8739). The Debtor's address is: 3251 East Imperial Highway, Brea, CA 92821.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

of Rust Consulting, Inc. ("Rust Omni"), as the claims, noticing and balloting agent for the Clerk of the Bankruptcy Court (the "Clerk") *nunc pro tunc* as of the Petition Date.

In support of this Application, the Debtor relies on the Declaration of Brian K. Osborne (the "Osborne Declaration"), annexed hereto as **Exhibit A**. In addition, the Debtor respectfully represents as follows:

## I.

## STATEMENT OF FACTS

### A. Jurisdiction and Venue

The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), in that it is a matter concerning the administration of the Debtor's estate. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in this Application is 28 U.S.C. § 156(c).

### B. General Background

On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate and manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this chapter 11 case.

The Debtor was established in 1986 as the sole distributor in the continental United States of Suzuki automobiles, motorcycles, all-terrain vehicles, and marine outboard engines (the "Suzuki Products"). Suzuki Motor Corporation ("SMC"), the 100% interest holder in the Debtor, manufacturers substantially all of the Suzuki Products[2] and is not a debtor in this or any other insolvency proceeding. As of the Petition Date, the Debtor has approximately 295 employees across three divisions: automotive (the "Automotive Division"), motorcycles and all-terrain vehicles (the "Motorcycles/ATV Division"), and outboard marine motors and related products (the "Marine Division").

[2] The ATVs are manufactured by an 80% owned affiliate of the Debtor. An overview of the Suzuki Products manufactured by SMC, its affiliates, and certain unaffiliated entities is included in the *Declaration of M. Freddie Reiss, Proposed Chief Restructuring Officer, in Support of Emergency First Day Motions*.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

In the operation of its business, the Debtor purchases Suzuki Products from SMC and certain other non-debtor affiliates. In turn, the Debtor wholesales virtually its entire inventory through a network of independently owned and unaffiliated dealerships located throughout the continental United States. The dealers then market and sell the Suzuki Products to retail customers. As of the Petition Date, there are approximately 220 automotive dealerships, over 900 motorcycle/ATV dealerships, and over 780 outboard marine dealerships.

Through dealers, the Debtor also sells a portion of its automotive inventory (less than 10%) to car rental companies and others (less than 2%) that lease the vehicles to retail customers. The Debtor also purchases the majority of its automotive parts from SMC and certain unaffiliated companies and resells them to the automotive dealers and authorized warranty service providers.

The Debtor determined that its Automotive Division is facing and will continue to face a number of serious challenges in the highly regulated and competitive automotive industry in the continental U.S. market. The challenges include unfavorable foreign exchange rates, disproportionally high and increasing costs associated with meeting more stringent state and federal automotive regulatory requirements unique to the continental U.S. market, low sales volumes, a limited number of models in its line-up, and existing and potential litigation costs. The Debtor has exhausted all available means to reduce the cost of operating the Automotive Division for it to operate profitably. Accordingly, the Debtor determined that the best way to preserve and enhance the value of its overall business is to wind down new sales of the Automotive Division in the continental U.S. and realign its business focus on the long-term growth of its Motorcycles/ATV and Marine Divisions.

Contemporaneous with the filing of this case, the Debtor filed a plan of reorganization (the "Plan"). Under the proposed Plan, the Motorcycles/ATV and Marine Divisions will remain largely unaffected including the warranties associated with such products. As part of its restructuring, NounCo, Inc., a wholly owned subsidiary of SMC, will purchase the Motorcycles/ATV and Marine Divisions and the parts and service components of the Automotive Division. The restructured Automotive Division intends to honor automotive warranties and authorize the sale of genuine

Suzuki automotive parts and services to retail customers through a network of parts and service only dealerships that will provide warranty services.

The Debtor's Motorcycles/ATV Division is strong and competitively positioned in its market, allowing for long-term growth as economic conditions improve. Similarly, the Marine Division has remained competitive during the recent challenging economic times and the Debtor is working to further build its market share in the marine industry through continued investment in new product development and resuming large-scale marketing events focused on attracting new marine customers. The strategy embodied in the proposed Plan returns the business to its roots in the U.S. market, which began with motorcycles, and is intended to position the overall business for success in the continental U.S. for the benefit of all parties in interest.

The Suzuki name is recognized around the world as a brand of quality products that offer reliability and originality. SMC has informed the Debtor that it continues to invest in its operations, improve its overall performance worldwide, and remains committed to manufacturing Suzuki Products for customers around the world. SMC's manufacturing and world-wide distribution of Suzuki automobiles will continue despite the Debtor's wind down of the continental U.S. Automotive Division.

Additional factual background regarding the Debtor, including its current and historical business operations and the events precipitating its chapter 11 filing, is set forth in detail in the *Declaration of M. Freddie Reiss, Proposed Chief Restructuring Officer, in Support of Emergency First Day Motions (*the "Reiss Declaration"*)* filed contemporaneously with this Motion and incorporated herein by reference.

**II.**

**RELIEF REQUESTED**

By this Application, the Debtor seeks entry of an order, pursuant to 28 U.S.C. § 156(c), authorizing and approving the retention and appointment of Rust Omni, effective as of the Petition Date, as claims, noticing, and balloting agent (the "Claims and Noticing Agent") for the Clerk to, among other things: (i) serve as the Court's notice agent to mail certain notices to the estate's creditors and parties-in-interest, (ii) provide computerized claims, claims objections and balloting

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

database services, and (iii) provide expertise, consultation and assistance with claim and ballot processing and with other administrative information related to the Debtor's bankruptcy case. A proposed form of order approving the Application is annexed hereto as **Exhibit B**.

## III.

## SERVICES TO BE PROVIDED

Rust Omni, at the request of the Debtor or the Clerk's Office, will provide the following services as the claims and noticing agent in this chapter 11 case, including:

a. serving notice of the claims bar date and required notices and related pleadings filed therewith;

b. serving notice of objections to claims and required notices and related pleadings filed therewith;

c. serving notice of any hearings on a disclosure statement and confirmation of a plan of reorganization and required notices and related pleadings filed therewith; and

d. serving other miscellaneous notices to any entities, as the Debtor or the Court may deem necessary or appropriate for an orderly administration of this chapter 11 case;

e. After the mailing of a particular notice, timely file with the Clerk's Office a certificate or declaration of service that includes a copy of the notice involved, a list of persons with addresses to whom the notice was mailed and the date and manner of mailing.

Rust Omni will also maintain official claims registers and copies of all proofs of claim and proofs of interest filed, including the following information for each proof of claim or proof of interest:

a. the name and address of the claimant and any agent thereof, if the proof of claim or proof of interest was filed by an agent;

b. the date received;

c. the claim number assigned; and

d. the asserted amount and classification of the claim;

e.    implement necessary security measures to ensure the completeness and integrity of the claims registers, including maintaining copies of such claims at a separate location where the originals are maintained;

f.    transmit to the Clerk's Office a copy of the claims registers on a weekly basis, unless requested by the Clerk's Office on a more or less frequent basis; or, in the alternative, make available the Proof of Claim docket on-line to the Clerk's Office via the Rust Omni claims system;

g.    maintain an up-to-date mailing list for all entities that have filed a proof of claim or proof of interest, which list shall be available upon request of a party in interest or the Clerk's Office;

h.    provide access to the public for examination of copies of the proofs of claim or interest without charge during regular business hours, as well as provide online access to copies of proofs of claim at no additional expense to creditors and parties in interest; and

i.    record all transfers of claims pursuant to Bankruptcy Rule 3001(e) and provide notice of such transfers as required by Bankruptcy Rule 3001(e);

In addition, Rust Omni has agreed to each of the following:

a.    Comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders and other requirements;

b.    Provide temporary employees to process claims, as necessary;

c.    Provide such other claims processing, noticing and related administrative services as may be requested from time to time by the Debtor; and

d.    Promptly comply with such further conditions and requirements as the Clerk's Office or the Court may at any time prescribe.

e.    Be under supervision and control of the Clerk of Court but not be an employee of the United States government.

f.    Waive any rights to receive compensation from the United States government in its capacity as Claims and Noticing Agent in this case.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

g. Audit the claims information periodically to satisfy the Clerk of Court that the claims information is being appropriately and accurately recorded in the Court's claims register.

h. Provide access to the Clerk of Court to independently audit the claims information at anytime and inspect Rust Omni's premises at any time.

The Debtor also requests that the Clerk of the Court release all filed claims directly to Rust Omni.

In connection with its appointment as Claims and Noticing Agent, the Debtor understands and Rust Omni acknowledges that, among other things: (1) Rust Omni will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as Claims and Noticing Agent in these chapter 11 cases; (2) Rust Omni will not be an agent of the United States and will not act on behalf of the United States; and (3) Rust Omni will not employ any past or present employees of the Debtor in connection with its work as the Claims and Noticing Agent in this chapter 11 case.

**IV.**

**CLAIMS AGENT AGREEMENT**

Subject to this Court's and Clerk's consent and approval, the Debtor has employed Rust Omni to provide the services set forth above pursuant to the terms of the Letter of Agreement between the Debtor and Rust Omni (the "Agreement"). A copy of the Agreement is attached as **Exhibit C** to this Application. Rust Omni is a firm that specializes in providing claims management consulting and computer services. The Debtor also may use Rust Omni to provide the Debtor with training and consulting support necessary to enable the Debtor to effectively manage and reconcile claims, and to provide the requisite notices of the deadline for filing Proofs of Claim. In addition, the Debtor may utilize other services offered by Rust Omni, such as (a) providing other notices that will be required as this case progresses, (b) tabulating acceptances and/or rejections to a plan of reorganization, and (c) providing such other administrative related services that may be requested by the Debtor.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## V.

## COMPENSATION

Rust Omni will be compensated based on the services it provides at the rates set forth in the Agreement. Within twenty (20) days after the end of each month, Rust Omni will submit to the Debtor, the United States Trustee and counsel to the Committee of Unsecured Creditors, once appointed, its statement for fees and expenses incurred during the previous month. The Debtor will pay the monthly statement within fourteen (14) days of its receipt, or, if funds are not available, at such time as the funds become available; *provided*, *however*, if the Debtor disputes any of the fees or expenses, it will withhold the disputed portion from the payment until the dispute is resolved between the parties or, if that is not possible, until this Court resolves the dispute brought before it by motion of one of the parties.

## VI.

## BASIS FOR RELIEF

28 U.S.C. § 156(c) provides, in relevant part, as follows:

> (c) Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate . . .

Pursuant to 28 U.S.C. § 156(c), the Court is empowered to utilize outside agents and facilities for such purposes, provided that the costs of these facilities and services are paid for out of the assets of the Debtor's estate.

Based upon the creditor matrix, there are approximately 50,000 of creditors, former employees, and other parties-in-interest who require notice of various matters, and in particular, the deadline for filing proofs of claim. Additionally, many of these parties may file proofs of claim and cast ballots with respect to a plan of reorganization. The size of the Debtor's creditor body makes it impractical for the Clerk to send notices and to maintain a claims register and tabulate ballots. Accordingly, with the large number of potential creditors that the Debtor has identified, the Debtor believes it is in the best interests of its estate and its creditors to appoint Rust Omni as agent for the

Clerk. In support of this Application, the Debtor has attached a copy of the Mega Case Procedures Checklist is attached hereto as **Exhibit D**.

After considering its quality of performance in other cases, the Debtor concluded that Rust Omni was the best choice for Claims and Noticing Agent in this case. The Debtor believes that the Agreement contemplates compensation at a level that is reasonable and appropriate for services of this nature, and is consistent with the compensation arrangement charged by Rust Omni in other cases in which it has been retained to perform similar services. Prior to engaging Rust Omni, the Debtor solicited bids from three (3) companies that provides substantially the same services as Rust Omni. After reviewing the three (3) proposals, the Debtor determined that terms of the Agreement were reasonable and fair light of the services to be provided by Rust Omni.

Rust Omni is one of the country’s leading chapter 11 administrators with experience in noticing, claims processing, claims reconciliation and distribution. Rust Omni has substantial experience in the matters upon which it is to be engaged. Rust Omni is an experienced claims agent, having performed similar services in numerous cases of comparable size. *See, e.g., In re Allied Sys. Holdings, Inc.*, Case No. 12-11654 (Bankr D. Del. June 6, 2012); *In re Perkins & Marie Callender 's Inc.*, Case No. 11-11795 (Bankr. D. Del. June 14, 2011); *In re Innkeepers USA Trust*, Case No. 10-13800 (Bankr. S.D.N.Y. July 19, 2010); *In re AGT Crunch Acquisition, LLC*, Case No. 09-12889 (Bankr. S.D.N.Y., May 6, 2009); *In re Pacific Energy Res., Ltd.*, Case No. 09-10785 (Bankr. D. Del. Mar. 10, 2009); *In re Estate Fin. Mortgage Fund LLC*, Case No. 08-11535 (Bankr. C.D. Cal. Oct. 8, 2008); *In re Mervyn 's Holdings, LLC, et al.*, Case No. 08-11586 (Banks. D. Del. July 29, 2008); *In re ComUnity Lending, Inc.*, Case No. 08- 50030 (Bankr. N.D. Cal. Jan. 22, 2008); *In re Refco Commodity Mgmt., Inc.*, Case No. 06-12436 (Bankr. S.D.N.Y. Nov. 15, 2006); *In re Owens Corning Sales, LLC*, Case No. 00-3837 (Bankr. D. Del. Oct. 5, 2000).

By appointing Rust Omni as the notice and claims agent in this chapter 11 case, creditors of the Debtor’s estate will benefit from Rust Omni’s significant experience in acting as a notice and claims agent in other cases and the efficient and cost-effective methods that Rust Omni has developed.

The Debtor does not believe that Rust Omni is a "professional person" for purposes of section 327(a) of the Bankruptcy Code and should not be subject to the fee application process because Rust Omni will only be charged with administrative functions in this bankruptcy case.

In the year prior to the Petition Date, Rust Omni has been paid $59,867.52. There are no amounts owed to Rust Omni as of the Petition Date. Rust Omni is currently holding a prepetition retainer of $25,000 from the Debtor for services rendered and to be rendered in connection with this case.

There are no arrangements between Rust Omni and any other entity for the sharing of compensation received or to be received in connection with these cases, except insofar as such compensation may be shared among Rust Omni's employees.

To the best of the Debtor's knowledge, and based upon and except as set forth in the Osborne Declaration filed concurrently herewith, Rust Omni does not (i) represent any interest adverse to the Debtor or the estate; (ii) have any connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee other than as disclosed herein; (iii) hold any claims against the Debtor, or (iv) employ any person that is related to a judge of this Court or the United States Trustee for Region 16. In addition, to the best of the Debtor's knowledge and based on the Osborne Declaration, Rust Omni is a "disinterested person" under applicable sections of the Bankruptcy Code.

**VII.**

**NOTICE**

Notice of this Application has been given to the: (a) the Office of the United States Trustee; (b) the creditors appearing on the list filed in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure; (c) counsel for and/or representatives of the Debtor's prepetition and postpetition lender; and (d) any party that has filed a request for special notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtor requests entry of an order, pursuant to 28 U.S.C. § 156(c) (i) authorizing and approving the retention of and appointing Rust Omni as Claims and Noticing Agent for the Clerk, (ii) authorizing and approving the retention of Rust Omni pursuant to the terms of the agreement as described herein by the Debtor to perform such other services as may be required by the Debtor in accordance with this Application; and (iii) granting such other and further relief as is just and proper.

Dated: November 5, 2012

AMERICAN SUZUKI MOTOR CORPORATION

By:________________________________________
Name: Takashi Iwatsuki
Title: Chairman of the Board

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

**(Osborne Declaration)**

Richard M. Pachulski (CA Bar No. 90073)
James I. Stang (CA Bar No. 94435)
Dean A. Ziehl (CA Bar No. 84529)
Linda F. Cantor (CA Bar No. 153762)
Debra I. Grassgreen (CA Bar No. 169978)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067-4114
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: rpachulski@pszjlaw.com
jstang@pszjlaw.com
dziehl@pszjlaw.com
lcantor@pszjlaw.com
dgrassgreen@pszjlaw.com

Proposed Attorneys for Debtor and
Debtor in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

In re:

American Suzuki Motor Corporation,[4]

Debtor.

Case No.: 12-_____( )

Chapter 11

**DECLARATION OF BRIAN OSBORNE IN SUPPORT OF DEBTOR'S APPLICATION FOR ORDER UNDER 28 U.S.C. § 156(C) AUTHORIZING THE RETENTION OF RUST CONSULTING OMNI BANKRUPTCY, A DIVISION OF RUST CONSULTING, INC. AS NOTICING, CLAIMS AND BALLOTING AGENT FOR CLERK OF THE BANKRUPTCY COURT *NUNC PRO TUNC* AS OF THE PETITION DATE**

[NO HEARING REQUIRED UNLESS REQUESTED PER L.B.R. 2014-1(b)]

I, Brian Osborne, declare as follows:

I am a member of Rust Consulting Omni Bankruptcy, a division of Rust Consulting, Inc. ("Rust Omni"), a data processing company specializing in the administration of large bankruptcy cases with offices located at 16501 Ventura Boulevard, Suite 440, Encino, California 91436, and I make this declaration on behalf of Rust Omni (the "Declaration"). I submit this Declaration in

[4] The last four digits of the Debtor's federal tax identification number are (8739). The Debtor's address is: 3251 East Imperial Highway, Brea, CA 92821.

support of the *Application for Order Under 28 U.S.C. § 156(c) Authorizing the Retention of* Rust Consulting Omni Bankruptcy, a division of Rust Consulting, Inc. *as Noticing, Claims, and Balloting Agent for Clerk of the Bankruptcy Court, nunc pro tunc to the Petition Date* (the "Application") of the above-captioned debtor and debtor in debtor in possession (the "Debtor"), pursuant to the terms and conditions set forth in the Application and the agreement attached to the Application as Exhibit B (the "Agreement"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

Rust Omni is one of the country's leading chapter 11 administrators with expertise in noticing, claims processing, claims reconciliation and distribution and ballot tabulation. Rust Omni is well qualified to provide the Debtor with experienced services as noticing, claims and balloting agent in connection with this chapter 11 case, and to assist with reports required by the United States Trustee as well as its Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements"). Among some of the large chapter 11 cases in which Rust Omni has acted, or currently is acting, as notice agent, claims agent and/or balloting agent to the debtor, are: *In re Allied Sys. Holdings, Inc.*, Case No. 12-11654 (Bankr D. Del. June 6, 2012); *In re Perkins & Marie Callender 's Inc.*, Case No. 11-11795 (Bankr. D. Del. June 14, 2011); *In re Innkeepers USA Trust*, Case No. 10-13800 (Bankr. S.D.N.Y. July 19, 2010); *In re AGT Crunch Acquisition, LLC*, Case No. 09-12889 (Bankr. S.D.N.Y., May 6, 2009); *In re Pacific Energy Res., Ltd.*, Case No. 09-10785 (Bankr. D. Del. Mar. 10, 2009); *In re Estate Fin. Mortgage Fund LLC*, Case No. 08-11535 (Bankr. C.D. Cal. Oct. 8, 2008); *In re Mervyn 's Holdings, LLC, et al.*, Case No. 08-11586 (Banks. D. Del. July 29, 2008); *In re ComUnity Lending, Inc.*, Case No. 08- 50030 (Bankr. N.D. Cal. Jan. 22, 2008); *In re Refco Commodity Mgmt., Inc.*, Case No. 06-12436 (Bankr. S.D.N.Y. Nov. 15, 2006); *In re Owens Corning Sales, LLC*, Case No. 00-3837 (Bankr. D. Del. Oct. 5, 2000), and others.

Rust Omni will, among other things, assist the Debtor in production of its Schedules and Statements by creating and maintaining a claims database based upon a review of the claims against the Debtor's estate and the Debtor's books and records.

The compensation arrangement provided for in the Agreement is consistent with and typical of arrangements entered into by Rust Omni and other such firms with respect to rendering similar services for clients such as the Debtor.

Rust Omni will be compensated based on the services it provides at the rates set forth in the Agreement. Within twenty (20) days after the end of each month, Rust Omni will submit to the Debtor, to the United States Trustee and counsel to the Official Committee of Unsecured Creditors, once appointed, its statement for fees and expenses incurred during the previous month. The Debtor will pay the monthly statement within ten (10) days of its receipt; provided, however, if the Debtor disputes any of the fees or expenses, it will withhold the disputed portion from the payment until the dispute is resolved between the parties or, if that is not possible, until this Court resolves the dispute brought before it by motion of one of the parties..

To the best of my knowledge and belief, neither I nor Rust Omni holds or represents any interest adverse to the Debtor's estate.

Based on the information available to me, I believe that Rust Omni is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and holds no interest adverse to the Debtor and its estate for the matters for which Rust Omni is to be employed. Rust Omni and I are not or ever have been an officer, director or employee of the Debtor.

I am not related or connected to, and, to the best of my knowledge, no other employee of Rust Omni is related or connected to any United States Bankruptcy Judge or District Judge for the Central District of California or the United States Trustee for the Central District of California or to any employee in the offices thereof.

To the best of my knowledge and belief, and except as described herein, neither I nor Rust Omni nor any officer or director of Rust Omni has any connection or relationship with the Debtor, its creditors, or any other parties-in-interest in these cases (or their attorneys or accountants) that would conflict with the scope of Rust Omni's retention or would create any interest adverse to the Debtor's estate, any Official Committee of Unsecured Creditors or any other party-in-interest. Rust Omni has and will continue to represent clients that may be parties-in-interest in these cases in matters unrelated to this case and has had and will continue to have relationships in the ordinary

course of their businesses with certain professionals involved in this case in connection with matters unrelated to this case. Rust Omni, over many years, has been and is involved in cases where Pachulski, Stang, Ziehl & Jones LLP (the "Firm"), the Debtor's proposed counsel, has been employed as Trustee, Debtor(s) or Creditor Committee Counsel. Additionally, Rust Omni has been a client of the Firm for corporate and acquisition-related work.

In the year prior to the Petition Date, Rust Omni has been paid $59,867.52. There are no amounts owed to Rust Omni as of the Petition Date. Rust Omni is currently holding a prepetition retainer of $25,000 from the Debtor for services rendered and to be rendered in connection with these cases.

There is no agreement or understanding between Rust Omni and any other person or entity for sharing compensation received or to be received for services rendered by Rust Omni in connection with this chapter 11 case.

To the best of my knowledge, after conducting or supervising the investigation described above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this 5th day of November, 2012, at Woodland Hills, California.

Brian Osborne

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**EXHIBIT B**

(Proposed Order)

Richard M. Pachulski (CA Bar No. 90073)
James I. Stang (CA Bar No. 94435)
Dean A. Ziehl (CA Bar No. 84529)
Linda F. Cantor (CA Bar No. 153762)
Debra I. Grassgreen (CA Bar No. 169978)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067-4114
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: rpachulski@pszjlaw.com
jstang@pszjlaw.com
dziehl@pszjlaw.com
lcantor@pszjlaw.com
dgrassgreen@pszjlaw.com

Proposed Attorneys for Debtor and
Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

In re:

American Suzuki Motor Corporation,[5]

Debtor.

Case No.: 12-_____ ( )

Chapter 11

**ORDER GRANTING DEBTOR'S APPLICATION FOR ORDER UNDER 28 U.S.C. § 156(C) AUTHORIZING THE RETENTION OF RUST CONSULTING OMNI BANKRUPTCY, A DIVISION OF RUST CONSULTING, INC. AS NOTICING, CLAIMS AND BALLOTING AGENT FOR CLERK OF THE BANKRUPTCY COURT *NUNC PRO TUNC* TO THE PETITION DATE**

[No Hearing Required – LBR 9013-1(o)(1)]

Upon the application, dated November 5, 2012 (the "Application"),[6] of American Suzuki Motor Corporation, the above captioned debtor and debtor in possession (the "Debtor") for

[5] The last four digits of the Debtor's federal tax identification number are (8739). The Debtor's address is: 3251 East Imperial Highway, Brea, CA 92821.

[6] Capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

authorization, pursuant to 28 U.S.C. § 156(c), authorizing and approving the retention and appointment of Consulting Omni Bankruptcy, a division of Rust Consulting, Inc., effective as of the Petition Date, as claims, noticing, and balloting agent (the "Claims and Noticing Agent") for the Clerk to, among other things: (i) serve as the Court's notice agent to mail certain notices to the estate's creditors and parties-in-interest, (ii) provide computerized claims, claims objections and balloting database services, and (iii) provide expertise, consultation and assistance with claim and ballot processing and with other administrative information related to the Debtor's bankruptcy case, all as more fully set forth in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and all other parties in interest; and the Debtor having provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances and no other or further notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having considered the Application, all pleadings and papers filed in connection with the Application, including the *Declaration of M. Freddie Reiss, Proposed Chief Restructuring Officer, in Support of Emergency First Day Motions* and the Memorandum of Points and Authorities filed in support thereof, and the arguments of counsel and evidence proffered at the hearing on the Application; after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Pursuant to 28 U.S.C. § 156(c), the Debtor is authorized to employ and retain Consulting Omni Bankruptcy, a division of Rust Consulting, Inc. ("Rust Omni"), as noticing, claims, and balloting agent, effective *nunc pro tunc* to the Petition Date, on the terms set forth in the Application, Agreement, and the Osborne Declaration.

3. The Debtor is hereby authorized to compensate Rust Omni for its services and reimburse Rust Omni for any related expenses in accordance with applicable provisions of the Agreement. The fees and expenses Rust Omni incurs will be treated as an administrative expense of the Debtors' chapter 11 estates and be paid in the ordinary course of business without further application to the Court.

4. Upon the completion of Rust Omni's duties and responsibilities at the closing of this case, Rust Omni shall take the appropriate action to obtain an order from this Court terminating its duties and responsibilities in these cases, in accordance with the Agreement and this Order.

5. The Court retains jurisdiction to interpret and enforce the terms of this Order, the Agreement, and the Retention of Rust Omni.

# # #

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**EXHIBIT C**

(Agreement)



October 16, 2012

Takashi Iwatsuki
Chairman
**American Suzuki Motor Corporation**
3251 E. Imperial Highway
Brea, CA 92821-6722

**Re: Rust Consulting Omni Bankruptcy**
**Retention letter**

Dear Mr. Iwatsuki:

This letter (the "Agreement") will acknowledge that you have requested Rust Consulting Omni Bankruptcy, a division of Rust Consulting, Inc. ("Rust Omni") to provide administrative services to American Suzuki Motor Corporation (the "Debtor") in their chapter 11 preparation and proceedings. Rust Omni will make itself available to the Debtor, as requested, for the purposes of assisting the Debtor with case administration matters including the management of the creditor matrix, claims management, noticing, the development and maintenance of an informational website and any other services as may be requested by the Debtor.

The services to be rendered by Rust Omni will be billed at our normal hourly rates which range from $25.00 to $175.00 per hour as per the attached rate sheet. Rates are adjusted annually on January 2nd of each year, and are subject to increases not to exceed ten (10%) percent per annum. Increases greater than ten (10%) percent per annum will be discussed with you, and be subject to your prior approval, before becoming effective. Rust Omni shall be compensated on a monthly basis for those services performed by Rust Omni during the preceding calendar month. Invoices are payable upon submission.

For these services Rust Omni has agreed to receive a $25,000 general retainer.

Each of Rust Omni and the Debtor, on behalf of themselves and their respective employees, agents, professionals and representatives, agrees to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the services provided under this Agreement. In the event that either party is requested or required by law, regulatory authority or other applicable judicial or governmental order to disclose any Information, it will provide the other party



with prompt written notice of any such request or requirement so that the other party may seek a protective order or other appropriate remedy and/or waive compliance with the terms of this confidentiality provision.  In the event that such protective order or other remedy is not obtained, or that the compliance with the terms hereof is waived, then only that portion of the confidential information which is legally required may be disclosed.

It is understood, acknowledged and agreed that money damages may not be a sufficient remedy for any breach of this confidentiality agreement and that either party is entitled to seek specific performance and injunctive or other equitable relief in connection with any breach or asserted breach hereof without posting a bond.  Such remedy shall not be deemed to be the exclusive remedy for breach of this confidentiality agreement, but shall be in addition to all other remedies available at law or equity.

The parties understand that the software programs and other materials furnished by Rust Omni pursuant to this Agreement and/or developed during the course of this Agreement by Rust Omni are the sole property of Rust Omni.  The term "program" shall include, without limitation, data processing programs, specifications, applications, routines, and documentation.  The Debtor agree not to copy or permit others to copy the source code from the support software or any other programs or materials furnished pursuant to this Agreement.  The Debtor further agree that any ideas, concepts, know-how or techniques relating to data processing or Rust Omni's performance of its services developed during the course of its Agreement by Rust Omni shall be the exclusive property of Rust Omni. Upon the Debtor request at any time or times while this Agreement is in effect, Rust Omni shall immediately deliver to the Debtor and/or the Debtor retained professionals, at the Debtor expense, any or all of the non-proprietary data and records held by Rust Omni pursuant to this Agreement, in the form requested by the Debtor.

The Debtor shall indemnify and hold Rust Omni harmless (the "Indemnification Agreement"):

a. Subject to the provisions of subparagraphs (c) and (d) below, the Debtor shall indemnify Rust Omni for any claim arising from, related to or in connection with their performance of the services described in this Agreement;

b. Rust Omni shall not be entitled to indemnification, contribution or reimbursement for services other than the services to be provided under this Agreement, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

c. Notwithstanding anything to the contrary in this Agreement, the Debtor shall have no obligation to indemnify any person, or



provide contribution or reimbursement to any person, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from that person's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtor allege breach of Rust Omni's contractual obligations under this Agreement unless the Court determines that

indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to that person's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Indemnification Agreement as modified by the Debtor' application seeking to approve this Agreement (the "Application") and any order of this Court approving the Application;

d. If, before the entry of an order closing the Chapter 11 Case, Rust Omni believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor' indemnification, contribution and/or reimbursement obligations under the Indemnification Agreement (as modified by the Application and any order of this Court approving the Application), including without limitation the advancement of defense costs, Rust Omni must file application before this Court, and the Debtor may not pay any such amounts before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the court shall have jurisdiction over any request for fees and expenses for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor' obligation to indemnify Rust Omni.

This Agreement is terminable at will by the parties hereto upon thirty (30) days written notice. In the event that this Agreement is terminated, regardless of the reason for such termination, Rust Omni shall cooperate with the Debtor to maintain an orderly transfer of all records, data and information and record keeping functions, and shall



provide all necessary staff, services and assistance required for an orderly transfer. The Debtor agrees to pay for such services in accordance with Rust Omni's then existing prices for such services.

Please acknowledge the above by signing and returning a copy of this letter. Should you have any questions regarding the above, please do not hesitate to call me.

Sincerely,

Brian Osborne

Enc.

cc:
Nellwyn Voorhies-Kantak
Mitch Ryan

Date: 11-5-2012

By: ______________________
Takashi Iwatsuki
Chairman
**American Suzuki Motor Corporation**

RUST | Omni
CONSULTING | BANKRUPTCY

# Rate Sheet

**WWW.OMNIMGT.COM**

## Hourly Rates for Standard and Custom Services

| | RATE/COST |
|---|---|
| Clerical Support | $25.00 -$45.00 per hour |
| Project Specialists | $57.50 - $75.00 per hour |
| Project Supervisors | $75.00 - $95.00 per hour |
| Consultants | $95.00 - $125.00 per hour |
| Technology/Programming | $100.00 - $157.50 per hour |
| Senior Consultants | $140.00 - 175.00 per hour |

## Printing and Noticing Services

| | |
|---|---|
| Copy | $.08 per image |
| Document folding and insertion | No Charge |
| Labels/Envelope printing | $.035 each |
| E-mail noticing | $50.00 per 1,000 |
| Certified email | Quote upon request |
| Facsimile noticing | $.10/image |
| Postage | At cost<br>*(Advance payment required for postage charges over $10,000)* |
| Envelopes | Varies by size |

## Newspaper and Legal Notice Publishing

| | |
|---|---|
| Coordinate and publish legal notice | Quote prior to publishing |

## Claims Management

| | |
|---|---|
| Inputting proofs of claim | Hourly rates (No per claim charges) |
| Scanning | $.10/image |
| Remote Internet access for claims management | |
| Setup | No charge |
| Access | $250 per month, unlimited users |

## Creditor Database

| | |
|---|---|
| Data storage | *Waived for 3 months.*<br>Under 10,000 records - No charge,<br>Over 10,000 records - .05 per record,<br>Over 100,000 records - .04 per record |
| Per image storage | No charge |

## Informational Website

| | |
|---|---|
| Creation, configuration, and initial setup | No charge |
| Data entry/information updates | $75.00 per hour |
| Programming and customization | $100 - $157.50 per hour |
| Debtor website hosting | No charge |
| Committee website hosting | No charge |
| Shareholder website hosting | No charge |
| Scanning | $.10/image |



# Rate Sheet

**WWW.OMNIMGT.COM**

## ◢ Virtual Data Rooms

Quote upon request

## ◢ Call Centers / Dedicated Line

| | |
|---|---|
| Creation, configuration and initial setup | No charge |
| Hosting fee | $5.50 per month |
| Usage | $.0825 per minute |
| Service rates (actual talk and log-entry time) | $67.50 per hour |

## ◢ Case Docket / Claims Register

No charge

## ◢ Solicitation and Tabulation

| | |
|---|---|
| Plan and disclosure statement mailings | Quoted prior to printing |
| Ballot tabulation | Standard hourly rates apply |

## ◢ Public Debt and Equities Securities and/Rights Offerings Services

| | |
|---|---|
| Noticing Services | Standard hourly rates apply |
| Solicitation, Balloting and Tabulation | Standard hourly rates apply |
| Rights Offerings | Standard hourly rates apply |
| Security Position Identification Reports | Standard hourly rates apply |

## ◢ Schedules / SoFA

| | |
|---|---|
| Preparation and updating of schedules and SoFAs | $57.50 - $175.00 per hour |

## ◢ Pre-Petition Consulting Services

| | |
|---|---|
| (*e.g.*, preparation of cash flow, analysis of cash management system, evaluation of insurance coverage, assist with payroll, assist procurement and distribution of cashiers checks) | Standard hourly rates apply |

## ◢ UST Reporting Compliance

| | |
|---|---|
| (*e.g.*, assist debtors to meet satisfy jurisdicational requirements, preparation of monthly operating and post-confirmation reports) | Standard hourly rates apply |

## ◢ Liquidating / Disbursing Agent

| | |
|---|---|
| (*e.g.*, comply with Plan requirements, preparation of disbursement reports, payout calculations, check generation, bank reconciliations) | Standard hourly rates apply |

## ◢ Miscellaneous

| | |
|---|---|
| Telephone charges | At cost |
| Delivery | At cost |
| Archival DVD/CD-Rom | $40.00 per copy |



# Rate Sheet

**WWW.OMNIMGT.COM**

## ◢ Real-Time Reports

| | |
|---|---|
| Claims dashboard | No charge |
| Claim reports | $25.00 |
| Solicitation dashboard | No charge |
| Tabulation dashboard | No charge |
| Solicitation reports | $25.00 |
| Service list manager | $0.05 per party, per generated list |

# EXHIBIT D

(Mega Case Procedures Checklist)

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | CHAPTER: 11 |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073)<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd Ste 1100<br>Los Angeles, California 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: rpachulski@pszjlaw.com | CASE NO.: |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | CASE NAME: |

## MEGA CASE PROCEDURES CHECKLIST

Estimate of:

| | | | |
|---|---|---|---|
| Number of Creditors | 50,000 | Assets | ______ |
| Number of Claims to be filed | 10,000 | | |
| Number of Pleadings to be filed | 500 to 1500 | | |
| Number of Adversary Proceedings to be filed | unknown | | |

It is proposed the following will be employed by the estate *(check all that apply)*:

Noticing Agent/Claims Processor ✓ Estate Clerk ______ Independent Printer ______ Other ______

Instructions: Mark either the "YES" or "NO" box for each question listed in this declaration. For each question that a "NO" box is marked (other than question 1, 20 or 30), an explanation must be provided on the "COMMENTS" page.

### I. Noticing Agent/Claims Processor

Delegation of Noticing/Claims Service Functions - The noticing/claims agent ("Agent") maintains the claims docket for the Court and performs all claims functions required by statute. The noticing/claims agent also maintains a database of all creditors in the case and sends notices to these creditors, as requested by the Court.

| YES | NO | | |
|---|---|---|---|
| ☑ | ☐ | 1. | Are you proposing the estate hire a Noticing Agent/Claims Processor? ***(If no, skip to Section II.)*** |
| ☑ | ☐ | 2. | Is the price list attached to the motion and are the service charges fair and reasonable? |
| ☑ | ☐ | 3. | Does the motion state the Debtor has surveyed or solicited bids from different claims processing and noticing agents before designating a proposed agent? |
| | | 3a. | If no, what criteria was used to select the agent? ______ |
| ☑ | ☐ | 4. | Does the motion state the Agent is not a creditor in the case? |
| ☑ | ☐ | 5. | Does the motion state the Agent shall be subject to the consent and approval of the Clerk of Court? |
| ☑ | ☐ | 6. | Does the motion state the Agent shall be at the expense of the estate and be paid directly by the Debtor? |

| YES | NO | | |
|---|---|---|---|
| ☑ | ☐ | 7. | Does the motion state the Agent shall be under the supervision and control of the Clerk of Court but not be an employee of the United States government? |
| ☑ | ☐ | 8. | Does the motion state the Agent shall waive any rights to receive compensation from the United States government in its capacity as Agent in this case? |
| ☑ | ☐ | 9. | Does the motion state the Agent shall not employ any past or present employees of the Debtor in connection with its work as the Agent in this case unless otherwise approved by the Clerk of Court? |
| ☑ | ☐ | 10. | Does the motion state the Agent shall maintain copies of all proofs of claim or interest at a location other than where the originals are maintained? |
| ☑ | ☐ | 11. | Does the motion state the Agent shall implement security measures to ensure the completeness and integrity of the claims registers as approved by the Clerk of Court? |
| ☑ | ☐ | 12. | Does the motion state the Agent shall transmit to the Clerk of Court a copy of the claims registers every week or as frequently as requested by the Clerk of Court? |
| ☑ | ☐ | 13. | Does the motion state the Agent shall provide a proof of claim viewing area **without charge** during normal business hours (9:00 a.m.-4:00 p.m. Pacific Time)? |
| | | 13a. | In what city is the viewing area located? *(provide address)* 5955 DeSoto Avenue, Woodland Hills, CA 91367 |
| ☑ | ☐ | 14. | Does the motion state the Clerk of Court shall be entitled to inspect the Agent's premises at anytime? |
| ☑ | ☐ | 15. | Does the motion state the Agent shall audit the claims information periodically to satisfy the Clerk of Court that the claims information is being appropriately and accurately recorded in the Court's claims register? |
| ☑ | ☐ | 16. | Does the motion state the Clerk of Court shall be able to independently audit the claims information at anytime? |

## II. Motions and Other Pleadings

| YES | NO | | |
|---|---|---|---|
| ☐ | ☑ | 17. | Does the motion state the party submitting a particular pleading or other document with the Court shall be responsible for all noticing and service functions relevant to the particular matter as may be required under applicable rules and shall file with the Clerk of Court a declaration of service regarding such noticing and service? |

## III. Notice of Entry of Order or Judgment

| YES | NO | | |
|---|---|---|---|
| ☐ | ☑ | 18. | Does the motion state the attorney for the party submitting the proposed order or judgment shall serve copies upon all parties entitled to receive notice of the entry of the order or judgment as soon as practicable? |
| ☐ | ☑ | 19. | Does the motion state the attorney shall be responsible for photocopying the conformed copies in order to relieve the Clerk's Office from the large burden of photocopying these orders? |

## IV. Employment of Special Employees of the Estate (Estate Clerk)

| YES | NO | | |
|---|---|---|---|
| ☐ | ☑ | 20. | Does the motion state the Debtor shall furnish one or more employees to assist the Clerk's Office in the administration of this case as the Clerk of Court deems necessary. ***(If no, skip to Section V.)*** |
| ☐ | ☑ | 21. | The employee shall not be designated as a part-time employee in the motion or order? |
| ☐ | ☑ | 22. | Does the motion state the employee of the Estate shall be subject to the consent and approval of the Clerk of Court? |
| ☐ | ☑ | 23. | Does the motion state the employee of the Estate shall be at the expense of the estate and be paid directly by the Debtor? |
| ☐ | ☑ | 24. | Does the motion state the employee of the Estate shall be under the supervision and control of the Clerk of Court but not be an employee of the United States government? |
| ☐ | ☑ | 25. | Does the motion state an employee of the Estate shall waive any rights to receive compensation from the United States government in its capacity as an employee in this case? |
| ☐ | ☑ | 26. | Does the motion state an employee of the Estate shall not be a past or present employee of the Debtor unless otherwise approved by the Clerk of Court? |
| ☐ | ☑ | 27. | Does the motion state an employee of the Estate may perform non-estate functions as the Clerk of Court deems necessary in exchange for Clerk's Office employees performing court-related docketing functions for the Estate? |

## V. Additional Space and Equipment

| YES | NO | | |
|---|---|---|---|
| ☐ | ☑ | 28. | Does the motion state the Debtor shall be directly responsible for the cost of any additional space or equipment such as designated telephone lines and automation equipment, etc., if necessary? |
| ☐ | ☑ | 29. | Does the motion state the Debtor shall be responsible for payment for the designated post office boxes retained for receiving filings in this case? |

## VI. Independent Printer

Delegation of Printer Functions - At an offsite location near the Court, the independent printer ("Printer") maintains copies of all orders, pleadings and other documents filed in the case for inspection by the public during business hours. The printer also provides copies of these documents and case dockets to the public for a fee.

| YES | NO | | |
|---|---|---|---|
| ☐ | ☑ | 30. | Are you proposing the estate hire a Printer? ***(If no, skip to the signature section VII.)*** |
| ☐ | ☑ | 31. | Is the Printer located off the Court's premises but in close proximity to the appropriate divisional office of the Court? |
| ☐ | ☑ | 32. | Is the price list attached to the motion and are the service charges fair and reasonable? |
| ☐ | ☑ | 33. | Does the motion state the service charges cannot be changed without prior approval from the Clerk of Court? |

| YES | NO | | |
|---|---|---|---|
| ☐ | ☑ | 34. | Does the motion state the Debtor has surveyed or solicited bids from different printing services before designating a proposed printer? |
| | | 34a. | If no, what criteria was used to select the proposed Printer? ______________________ |
| ☐ | ☑ | 35. | Does the motion state the Printer shall not be a creditor in the case? |
| ☐ | ☑ | 36. | Does the motion state the Printer shall be subject to the consent and approval of the Clerk of Court? |
| ☐ | ☑ | 37. | Does the motion state the Printer shall be at the expense of the estate and be paid directly by the Debtor? |
| ☐ | ☑ | 38. | Does the motion state the Printer shall be under the supervision and control of the Clerk of Court but not be an employee of the United States government? |
| ☐ | ☑ | 39. | Does the motion state the Printer shall waive any rights to receive compensation from the United States government in its capacity as Printer in this case? |
| ☐ | ☑ | 40. | Does the motion state the Printer shall not employ any past or present employees of the Debtor in connection with its work as the Printer in this case unless otherwise approved by the Clerk of Court? |
| ☐ | ☑ | 41. | Does the motion state the Printer shall provide a proof of claim viewing area **without charge** during normal business hours (9:00 a.m.-4:00 p.m. Pacific Time)? |
| | | 41a. | In what city is the viewing area located? *(provide address)* ______________________ |
| ☐ | ☑ | 42. | Does the motion state the Printer shall provide the Clerk of Court copies of any document filed in this case without charge? |
| ☐ | ☑ | 43. | Does the motion state the Printer shall implement security measures to ensure the completeness and integrity of the set of pleadings as approved by the Clerk of Court? |
| ☐ | ☑ | 44. | Does the motion state the Clerk of Court shall be entitled to inspect the Printer's premises at anytime? |

| **COMMENTS:** If you need additional space, please attach an additional piece of paper. | |
|---|---|
| Item # _____ | Comment: _____ |
| Item # _____ | Comment: _____ |
| Item # _____ | Comment: _____ |
| Item # _____ | Comment: _____ |
| Item # _____ | Comment: _____ |

## COMMENTS OF THE CLERK'S OFFICE

☐ The Clerk's Office has no objection.

☐ The Clerk's Office objects as set forth below.

☐ Other:

Dated: _______________ By: _______________
*Signature*

_______________
*Print Name and Title*

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

Richard M. Pachulski (CA Bar No. 90073)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: rpachulski@pszjlaw.com

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CHAPTER: 11

CASE NO.:

In re:

American Suzuki Motor Corporation

Debtor(s).

**DECLARATION TO BE FILED WITH MOTION ESTABLISHING ADMINISTRATIVE PROCEDURES RE 28 U.S.C. § 156(c)**

I have obtained the most recent and applicable version of the Mega Case Procedures Checklist from the Clerk of Court and have consulted with the Clerk or designee. The completed checklist is attached.

**I declare under penalty of perjury under the laws of the United States of America that the attached Mega Case Procedures Checklist is true and correct and that this Declaration was executed on** November 5, 2012, **at** Woodland HIlls ***(city, state)*.**

Brian Osborne
*Print Declarant's Name*

*Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 5075-1.1**